Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (OATA-2025-013)

| | | |
|---|---|---|
| HODASSA LLC MOVE TO THE IMPORT INC.<br><br>Parte Apelada<br><br>v.<br><br>RICARDO LUIS VIERA TORO y su esposa SARA DOE y la Sociedad de Gananciales entre ambos; EDWIN CÉSAR FIGUEROA RAMOS y su esposa JANE DOE y la Sociedad de Gananciales entre ambos<br><br>Parte Apelante<br><br>v.<br><br>RALPH RODRÍGUEZ, su esposa FULANA DE TAL y la Sociedad Legal de Gananciales compuesta por ambos; HYDALBERTO CARATINI, su esposa SUTANA TAL y la Sociedad Legal de Gananciales compuesta por ambos; ASEGURADORAS A Y B<br><br>Parte Apelada | KLAN202500059 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2024CV02170<br><br>Sobre: INCUMPLIMIENTO DE CONTRATO; COBRO DE DINERO |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Comparecen ante *nos,* Ricardo Luis Viera Toro y Edwin Figueroa Ramos (apelantes) y nos solicitan que revisemos y revoquemos la *Sentencia Parcial* emitida el 10 de enero de 2025 y

---

[1] Debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, y con el fin de garantizar la atención y continuidad en la adjudicación de los casos en los que ésta participaba, se modifica la integración del Panel.

notificada el 13 de enero de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Caguas. Mediante dicho dictamen, el TPI desestimó la *Demanda contra Tercero* incoada en contra Ralph Rodríguez e Hydalberto Caratini (apelados).

Por los fundamentos que se exponen a continuación, *se confirma* la *Sentencia Parcial* apelada.

**I.**

El 19 de enero de 2024, Hodassa LLC., (Hodassa) presentó una *Demanda* sobre incumplimiento de contrato y cobro de dinero en contra de los apelantes. A grandes rasgos, alegó que allá para el mes de julio de 2022, suscribió un contrato de arrendamiento y compraventa de nombre comercial con estos. Sin embargo, tiempo después de realizado el contrato los apelantes incumplieron con el pago de la renta según pactado. Además, Hodassa sostuvo que los apelantes abandonaron el local antes de vencer el término pactado en el contrato. Por lo cual, adujo que los apelantes le adeudaban la cantidad de $28,000.00, en concepto de cánones de arrendamiento no pagados, más la penalidad por el incumplimiento en el pago de las mensualidades.[2]

Subsiguientemente, el 10 de septiembre de 2024, los apelantes presentaron una *Contestación Enmendada a Demanda, Reconvención, y Demanda Contra Tercero*. En esta, negaron la mayoría de las alegaciones de la *Demanda* y señalaron que Hodassa incumplió con sus obligaciones contractuales. Por otra parte, en la *Demanda Contra Tercero* arguyeron que, los apelados incurrieron en acciones y/u omisiones dolosas al interferir en el contrato de los apelantes con Hodassa y negociar el alquiler en controversia.[3]

En respuesta, el 17 de octubre de 2024, Hodassa presentó la *Contestación a la Reconvención*. En la misma, sostuvo que los

---

[2] Véase, Apéndice II, págs. 7-15.
[3] Véase, Apéndice III, págs. 16-30.

apelantes incumplieron con el acuerdo contractual de arrendamiento, al abandonar el local antes de vencer el término pactado en el contrato y sin satisfacer la deuda del canon mensual. Por tanto, esgrimió que es nula la existencia de un contrato. Por otro lado, Hodassa señaló que, al no haber un contrato vigente entre las partes, tiene derecho a tomar posesión de su nombre comercial.[4]

El 8 de noviembre de 2024, el señor Hydalberto Caratini (Caratini) presentó una *Contestación a Demanda Contra Terceros*. En la misma, arguyó que la *Demanda* de epígrafe no aduce hechos que configuren una causa válida que justifique la concesión de un remedio.[5] Por consiguiente, solicitó que la *Demanda* fuera declarada no ha lugar.

Por otra parte, el 4 de diciembre de 2024, el señor Ralph Rodríguez (Rodríguez) presentó una *Moción de Desestimación de la Demanda contra Terceros*. Esgrimió que la *Demanda* de epígrafe no contiene los elementos de interferencia torticera y tampoco incluye alegaciones específicas en su contra. Por tanto, solicitó la desestimación.[6]

Entretanto, el 28 de diciembre de 2024, los apelantes presentaron una *Oposición a: Moción Solicitando Desestimación Contra Terceros*. En síntesis, alegaron que "el hecho de que los apelados suscribieran un contrato con Hodassa, en conocimiento de que existía un contrato previo entre Hodassa y los apelantes", es razón suficiente para cumplir con los elementos de interferencia torticera en relaciones contractuales.[7]

El 10 de enero de 2025, el TPI dictó *Sentencia Parcial de Desestimación de Demanda a Tercero*. Mediante esta, desestimó la *Demanda de Terceros* incoada en contra de los apelados. En esencia,

---

[4] Véase, Apéndice IV, pág. 42
[5] Véase, Apéndice V, págs. 44-49.
[6] Véase, Apéndice VI, págs. 50-54.
[7] Véase, Apéndice VII, págs. 55-63.

el foro primario concluyó que la *Demanda* de epígrafe carece de fundamento legal que la sostenga, ya que, los apelantes tenían la intención de subarrendar el local en controversia. Sin embargo, dicho subarrendamiento no estaba expresamente pactado en el contrato, por tanto, no era un negocio válido entre los apelantes y los apelados.[8]

Insatisfechos, el 23 de enero de 2025, los apelantes presentaron un recurso de *Apelación* ante este Tribunal y alegaron la comisión de los siguientes errores:

**Primer Error:** Incurre en error el honorable TPI al resolver que la Demanda de Tercero carece de fundamento legal que la sostenga a pesar de que hay alegaciones que le imputan a los terceros demandados actos específicos y que tuvieron la consecuencia de ocasionar daños a los demandados-apelantes. Le corresponde al tribunal ventilar prueba y adjudicar si dichas reclamaciones tienen méritos o no, no puede desestimarlas así sin más.

**Segundo Error:** Incurre en error el TPI al resolver una moción de desestimación aplicando un estándar distinto y contario al prevaleciente al no dar como ciertas las alegaciones de la Demanda contra Tercero.

**Tercer Error:** Incurre en error el honorable TPI al resolver que no puede concluirse que los demandados de tercero hayan interferido de manera torticera con el contrato que existía entre la parte demandante-apelada y demandados -apelantes, a pesar de que se cumplen en este caso los requisitos prevalecientes para una reclamación por interferencia torticera.

**Cuarto Error:** Incurrió en error el TPI al dictar sentencia parcial al pasar por alto que la Demanda de Tercero no se limita a una causa de acción de interferencia torticera, sino que, además, se le reclama a los terceros demandados por haber suscrito un contrato en daño de tercero.

Consecuentemente, el 30 de enero de 2025, emitimos una *Resolución* mediante la cual le concedimos a la parte apelada un término de veinte (20) días para presentar su alegato en oposición. Así, el 6 de febrero de 2025, el señor Rodríguez presentó una *Oposición a Recurso de Apelación.* Asimismo, el 7 de febrero de 2025,

---

[8] Véase, Apéndice I, págs. 1-7.

el señor Caratini presentó una *Moción Uniéndose a Oposición a Recurso de Apelación.* Contando con el beneficio de la comparecencia de las partes, pasamos a resolver.

## II.

### A. Desestimación

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra.* Véase, además, *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523 (2024).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409

(2008); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros, supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Torres, Torres v. Torres et al.,* 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Depto. de la Vivienda,* 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres, Torres v. Torres et al., supra,* pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar". *Blassino Alvarado et al. v. Reyes Blassino et al.,* 2024 TSPR 93, 214 DPR ___ (2024). Véase, además, *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R., supra,* pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés

público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 429.

## B. Contrato de arrendamiento

El contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones. Artículo 1230 del Código Civil (31 LPRA sec. 9751).[9] Es facultativo contratar o no hacerlo, y hacerlo, o no, con determinada persona. Artículo 1232 del Código Civil (31 LPRA sec. 9753). Estos derechos no pueden ejercerse abusivamente ni contra una disposición legal. *Íd.* Así, las partes pueden acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público. *Íd.* Así pues, lo acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley. Artículo 1233 del Código Civil (31 LPRA sec. 9754).

El contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva. Artículo 1237 del Código Civil (31 LPRA sec. 9771).

En lo pertinente, "[e]n un contrato de arrendamiento de cosas el arrendador o la arrendadora se obliga a dar al arrendatario o arrendataria el goce y uso de una cosa por tiempo determinado y precio cierto." Artículo 1331 del Código Civil (31 LPRA sec. 10101). Así, en un contrato de arrendamiento las partes —el arrendador o la arrendadora y el arrendatario o la arrendataria— se obligan recíprocamente. *Demeter Int'l v. Srio. Hacienda,* 199 DPR 706 (2018).

---

[9] Cualquier mención subsiguiente al Código Civil de Puerto Rico, se entiende que es a su edición de 2020, aplicable a los hechos del caso de autos.

Ahora bien, en lo que respecta a las obligaciones del arrendatario, se encuentra: "pagar puntualmente el alquiler, conforme a los términos convenidos". Artículo 1346 del Código Civil (31 LPRA sec. 10162). De no cumplir con dicha obligación por dos (2) períodos consecutivos el arrendador podrá resolver el contrato. Artículo 1348 del Código Civil (31 LPRA sec. 10171).

Además, el arrendador podrá resolver el contrato, si el arrendatario "abandona o deja de usar el bien arrendado, o varía el uso convenido del bien arrendado." Artículo 1348 del Código Civil, *supra*. También, las partes podrán convenir la resolución anticipada del arrendamiento. Artículo 1350 del Código Civil de (31 LPRA sec. 10173).

Por otra parte, se ha establecido que "[c]uando en el contrato de arrendamiento de cosas no se prohíba expresamente, podrá el arrendatario subarrendar en todo o en parte la cosa arrendada, sin perjuicio de su responsabilidad al cumplimiento del contrato para con el arrendador." Artículo 1336 del Código Civil (31 LPRA sec. 10106). "El arrendador sólo puede negarse cuando el cesionario o el subarrendatario no tienen las mismas calificaciones económicas que el arrendatario o cuando la actividad o el uso que efectuarán le causen perjuicio económico." *Íd.*

### C. Interferencia Torticera Contractual

El Artículo 1536 del Código Civil (31 LPRA sec. 10801) establece que la persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo. Es decir, nuestro ordenamiento jurídico permite la acción por interferencia culposa de terceros con obligaciones contractuales ajenas, es decir, una acción en daños contra un tercero que, con intención cuasidelictual o culposa, interfiere con las relaciones contractuales de otro. *Jusino et als. v. Walgreens,* 155 DPR 560 (2001). Ademas, propone la existencia de una responsabilidad solidaria entre el tercero interviniente y el

contratante que, a sabiendas, incumple con los términos de la obligación asumida con aquél que reclama. *Dolphin Int'l of P.R. v. Ryder Truck Lines*, 127 DPR 869 (1991).

Para que se constituya la interferencia culposa, el Tribunal Supremo ha establecido los siguientes elementos como constitutivos de la causa de acción: (1) existencia de un contrato con el cual interfiera un tercero; (2) culpa del tercero, bastando al respecto que el perjudicado presente hechos que permitan inferir que aquel actuó intencionalmente con conocimiento de la existencia del contrato; (3) daño al actor, y (4) que el daño sea consecuencia de la actuación culposa del tercero. *Jusino et als. v. Walgreens, supra.*

Así pues, "[e]l nexo causal necesario es entre el acto de tercero y su efecto sobre el perjudicado. Es impertinente a estos efectos que el cocontratante del perjudicado haya tenido la intención de incumplir el contrato. Basta con que el tercero haya provocado o contribuido a la inejecución". *Gen. Office Prods. v. A. M. Capen's Sons,* 115 DPR 553 (1984). A tenor con lo antes expuesto, resulta medular la efectiva existencia de un contrato legal con el cual se interfiera de manera intencional y culposa. Siendo así, "[s]i lo que se afecta es una expectativa o una relación económica provechosa sin que medie contrato, la acción no procede, aunque es posible que se incurra en responsabilidad bajo otros supuestos jurídicos". *Dolphin Int'l of P.R. v. Ryder Truck Lines, supra,* pág. 879.

**III.**

Discutiremos los cuatro señalamientos de error en conjunto por estar íntimamente relacionados. En síntesis, los apelantes señalan que erró el TPI al desestimar la *Demanda de Tercero* bajo el fundamento de que no existía una causa de acción legítima a su favor. Por su parte, los apelados sostienen que la *Demanda* de autos carece de fundamentos legal en contra de estos. *Veamos.*

Según el derecho que antecede, "[e]n un contrato de arrendamiento de cosas el arrendador o la arrendadora se obliga a dar al arrendatario o arrendataria el goce y uso de una cosa por tiempo determinado y precio cierto." Artículo 1331 del Código Civil, *supra.* Ahora bien, una vez celebrado el contrato, nuestro ordenamiento jurídico establece que el arrendador podrá resolver el mismo; si el arrendatario incumple alguno de estos requisitos a saber: cuando el arrendatario: abandona o deja de usar el bien arrendado, o varía el uso convenido; o deja de pagar el alquiler convenido durante dos (2) períodos consecutivos. Artículo 1348 del Código Civil, *supra.* Además, ambas partes podrán convenir la resolución anticipada del arrendamiento. Artículo 1350 del Código Civil, *supra,*

En el presente caso surge del expediente que, los apelantes expresaron en la *Contestación a la Demanda* y en el recurso de apelación que:

En octubre de 2023, decidieron que ya no podían continuar operando su negocio. Por ello, a principios del mes de octubre le indicaron al presidente de Hodassa – arrendador del alquiler en controversia- que iban a abandonar la propiedad en algún momento antes de que finalizara el mes de octubre de 2023.

Posterior a esos incidentes, la semana del 20 de octubre de 2023, el apelante y los apelados señor Caratini y el señor Rodríguez se reunieron y dialogaron sobre un posible precio de la compraventa del negocio de los apelantes. Luego de varias reuniones entre las partes, los apelados señor Caratini y el señor Rodríguez comenzaron a operar su negocio en la propiedad en cuestión allá para el mes de diciembre de 2023.

De conformidad con lo anterior, en el presente caso no procede la causa de acción por interferencia torticera contractual en contra de los apelados.

Según reseñamos, para que se constituya una causa de acción por interferencia culposa contractual, se deben cumplir los siguientes requisitos: (1) la existencia de un contrato con el cual interfiera un tercero; (2) culpa del tercero, bastando al respecto que el perjudicado presente hechos que permitan inferir que aquel actuó intencionalmente con conocimiento de la existencia del contrato; (3) daño al actor, y (4) **que el daño sea consecuencia de la actuación culposa del tercero**. *Jusino et als. v. Walgreens, supra.* (Énfasis nuestro).

En el caso de epígrafe y según los hechos esbozados por el propio apelante, la relación contractual entre el apelante y Hodassa comenzó a deteriorarse previo a que los apelados señor Caratini y el señor Rodríguez entraran tan siquiera en conversiones acerca de la posibilidad de comprar el negocio de los apelantes y no fue sino hasta diciembre de 2023, que comenzaron a operar su negocio en la propiedad arrendada.  Por lo cual, no se cumplió con el elemento de la causa de acción de interferencia torticera contractual que exige que el daño sea causado por la actuación culposa del tercero.  Ello es así, pues la alegada intervención de los apelados fue posterior a los hechos que provocaron la demanda en contra de los apelantes.

Por otro lado, si bien es cierto, que los apelantes intentaron subarrendar el local a los apelados, estos no estaban obligados a realizar negocios con los apelantes. Cabe destacar, que los apelantes no tenían un interés legítimo sobre la propiedad arrendada, ya que, no eran dueños de esta o tenían un contrato, que les otorgara un derecho de posesión sobre la propiedad.

En esencia, no vemos el negocio hecho entre Hodassa y los apelados, como una interferencia torticera.  Desde el principio, los apelados tenían el interés de arrendar el local en controversia, por ello se comunicaron con los apelantes, quienes les intentaron subarrendar el local. No obstante, quien tenía la posesión legítima

para realizar el contrato de arrendamiento era Hodassa. En consecuencia, resolvemos que no erró el TPI al desestimar la causa de acción en contra de los apelantes por carecer de fundamento legal.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones